# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
05/13/2020
CT Log Number 537660339

TO:     LEGAL DEPARTMENT
        TESLA, INC.
        901 PAGE AVE
        FREMONT, CA 94538-7341

RE:     **Process Served in California**

FOR:    Tesla Motors, Inc.  (Former Name)  (Domestic State: DE)
        Tesla, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ELIE LASKAR, PLTF. vs. TESLA MOTORS INC., DFT.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20BBCV00306 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/13/2020 at 10:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/13/2020, Expected Purge Date: 05/18/2020<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT  legal@teslamotors.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5-13-20 @ 10:45

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2020 02:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Rios, Deputy Clerk

Case 2:20-cv-05278 Document 1 Filed 06/12/20 Page 3 of 28 Page ID #:34

20BBCV00306

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA MOTORS, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIE LASKAR,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Burbank Courthouse<br><br>300 East Olive<br>Burbank, CA 91502 | CASE NUMBER:<br>*(Número del Caso):* 20BBCV00306 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Ste 780, Woodland Hills, CA 91367, 323-306-4234

| DATE: 05/05/2020 Sherri R. Carter Executive Officer / Clerk of Court Clerk, by | A. Rios | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   Tesla Motors, Inc.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-13-20

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

Assigned for all purposes to: Burbank Courthouse, Judicial Officer: John Kralik

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2020 02:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Rios,Deputy Clerk

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

Attorneys for Plaintiff, ELIE LASKAR

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| ELIE LASKAR, | **Case No.:** 20BBCV00306 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR BREACH OF WARRANTY** |
| TESLA MOTORS INC., | **(Amount to exceed $25,000)** |
| Defendant. | |

**COMPLAINT**

NOW COMES the Plaintiff, ELIE LASKAR by and through Plaintiff's attorney, LAW

OFFICES OF TODD M. FRIEDMAN, P.C., and for Plaintiff's Complaint against, TESLA

MOTORS INC. allege and affirmatively state as follows:

**PARTIES**

1. Plaintiff, ELIE LASKAR ("Plaintiff"), are individuals who purchased subject

vehicle in the State of California.

2. Defendant, TESLA MOTORS INC. ("Defendant"), is a limited liability company,

authorized to do business in the State of California and is engaged in the manufacture, sale, and

distribution of motor vehicles and related equipment and services. Defendant is also in the

business of marketing, supplying and selling written warranties to the public at large through a

1  system of authorized dealerships. Defendant does business in all counties of the State of
2  California.

3  **BACKGROUND**

4  3. On or about December 15, 2015, Plaintiff leased from Defendant a 2015 Tesla
5  Model S ("MODEL S") manufactured by Defendant, Vehicle Identification No.
6  5YJSA1E12FF118302.

7  4. The price of the MODEL S, including sales tax, registration charges, document
8  fees and other collateral charges, such as bank and finance charges totaled more than valuable
9  consideration.

10  5. In consideration for the purchase of the MODEL S, Defendant issued and
11  supplied to Plaintiff several written warranties, as well as other standard warranties fully outlined
12  in the Defendant's Warranty Booklet.

13  6. On or about December 15, 2015, Plaintiff took possession of the MODEL S and
14  shortly thereafter experienced the various defects listed below that substantially impair the use,
15  value and/or safety of the MODEL S.

16  7. The defects listed below violate the express written warranties issued to Plaintiff
17  by Defendant, as well as the implied warranty of merchantability.

18  8. Plaintiff brought the MODEL S to seller and/or other authorized service dealers of
19  Defendant for various defects, including, but not limited to the following:

20  
21        a) Defective alignment,
      b) Defective Bluetooth,
      c) Defective body, and
22        d) Any additional complaints actually made, whether contained on the
           invoices or otherwise.

23  9. Plaintiff provided Defendant through Seller and/or other authorized dealers of
24  Defendant sufficient opportunities to repair the MODEL S.

25  10. Defendant, through its authorized dealers was unable and/or failed to repair

the MODEL S within a reasonable number of attempts.

11.     Plaintiff justifiably lost confidence in the MODEL S's reliability and said defects have substantially impaired the value of the MODEL S to Plaintiff.

12.     Said defects could have not been discovered by Plaintiff prior to Plaintiff's acceptance of the MODEL S.

13.     As a result of said defects, Plaintiff revoked acceptance of the MODEL S in writing on January 04, 2017.

14.     At the time of revocation, the MODEL S was in substantially the same condition as at delivery except for damage caused by its own defects and ordinary wear and tear.

15.     Defendant refused Plaintiff's demand for revocation and has refused to provide Plaintiff with the remedies Plaintiff are entitled upon revocation.

16.     The MODEL S remains in a defective and unmerchantible condition, and continues to exhibit the above mentioned defects that substantially impair its use, value and/or safety.

17.     Plaintiff have and will continue to be financially damaged due to Defendant's failure to comply with the provisions of its express and implied warranties.

18.     Prior to filing this complaint, Plaintiff attempted to submit to Defendant's informal dispute resolution program and was unsatisfied with the results therein.

## COUNT I
## BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

19.     Plaintiff re-alleges and incorporates by reference as fully set forth herein, paragraphs 1-18 of this Complaint.

20.     Plaintiff is the purchaser of a consumer product who received the MODEL S during the duration of a written warranty period applicable to the MODEL S and who is entitled

1   by the terms of the written warranty to enforce against Defendant the obligations of said
2   warranty.

3       21.    Defendant is a person engaged in the business of making a consumer product
4   directly available to Plaintiff.

5       22.    Seller is an authorized dealership/agent of Defendant designed to perform repairs
6   on vehicles under Defendant's automobile warranties.

7       23.    The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section, 2301 et. Seq.
8   ("Warranty Act") is applicable to Plaintiff's Complaint in that the MODEL S was manufactured,
9   sold and purchased after July 4, 1975, and costs in excess of ten dollars ($10.00).

10      24.    Plaintiff's purchase of the MODEL S was accompanied by written factory
11   warranties for any non-conformities or defects in materials or workmanship, comprising an
12   undertaking in writing in connection with the purchase of the MODEL S to repair the MODEL S
13   or take other remedial action free of charge to Plaintiff with respect to the MODEL S in the event
14   that the MODEL S failed to meet the specifications set forth in said undertaking.

15      25.    Said warranties were the basis of the bargain of the contract between the Plaintiff
16   and Defendant for the lease of the MODEL S to Plaintiff.

17      26.    Said purchase of Plaintiff's MODEL S was induced by, and Plaintiff relied upon,
18   these written warranties.

19      27.    Plaintiff have met all of Plaintiff's obligations and preconditions as provided in
20   the written warranties.

21      28.    As a direct and proximate result of Defendant's failure to comply with its express
22   written warranties, Plaintiff have suffered damages and, in compliance with 15 U.S.C. §2310(d),
23   Plaintiff are entitled to bring suit for such damages and other equitable relief.

24      WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

25

a.    Return of all monies paid or in the alternative applicable damages pursuant to section 2714 of the Commercial Code, and all incidental and consequential damages incurred;

b.    All reasonable attorneys' fees, witness fees and all court costs and other costs;

c.    Such other and further relief that the Court deems just and appropriate.

**COUNT II**
**BREACH OF IMPLIED WARRANTY**
**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT**

29.    Plaintiff re-allege and incorporates by reference as through fully set forth herein, paragraphs 1-18 of this complaint.

30.    The MODEL S purchased by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. §2301(7) running from the Defendant to the intended consumer, Plaintiff herein.

31.    Defendant is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

32.    Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Defendant has entered into a contract in writing within ninety (90) days of purchase to perform services relating to the maintenance or repair of a motor vehicle.

33.    Pursuant to 15 U.S.C. §2308, Plaintiff's MODEL S was impliedly warranted to be substantially free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary purpose for which the MODEL S was intended.

34.    The MODEL S was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

35.    The above described defects in the MODEL S render the MODEL S unfit for the ordinary and essential purpose for which the MODEL S was intended.

36.   As a result of the breaches of implied warranty by Defendant, Plaintiff have

suffered and continue to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. Return of all monies paid or in the alternative applicable damages pursuant to section
      2714 of the Commercial Code, and all incidental and consequential damages
      incurred;
   b. All reasonable attorneys' fees, witness fees and all court costs and other costs;
   c. Such other and further relief that the Court deems just and appropriate.

### COUNT III
### SONG –BEVERLY CONSUMER WARRANTY ACT

37.   Plaintiff re-alleges and incorporates by reference as though fully set forth herein,

paragraphs 1-18 of this Complaint.

38.   Pursuant to Cal Civ. Code. §1793.2, Plaintiff has presented the MODEL S to

Seller and/or other authorized service dealers of Defendant within the term of protection and has

tendered the subject vehicle four (for the above-mentioned defects that substantially affect the

use, value and safety of the MODEL S.

39   Defendant, through Seller and/or other authorized dealerships, have been

unable to repair said defects in a reasonable number of attempts.

40.   Pursuant to Cal Civ. Code. §1793.2, Plaintiff is entitled to a refund of the full

purchase price of the vehicle, including all collateral charges and finance charges, and/or a

replacement vehicle, plus all attorney fees and costs.

41.   Defendant has willfully violated the provisions of this act by knowing of its

obligations to refund or replace Plaintiff's vehicle, but failing to fulfill them.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a.   Return of the MODEL S's purchase price and all incidental and
        consequential damages incurred by Plaintiff;
   b.   Return of all finance charges incurred by Plaintiff for the MODEL S;
   c.   All reasonable attorneys' fees, witness fees, court costs and other fees
        incurred by Plaintiff;

d.     A civil penalty pursuant to Cal. Civ. Code §1794 (c); and

e.     Such other and further relief that this Court deems just and appropriate.

**COUNT IV**
**SONG –BEVERLY CONSUMER WARRANTY ACT**

41.     Plaintiff re-allege and incorporates by reference as though fully set forth herein, paragraphs 1-18 of this Complaint.

42.     The MODEL S purchased by Plaintiff was subject to an implied warranty of merchantability as defined in Cal. Civ. Code §1790 running from the Defendant to the intended consumer, Plaintiff herein.

43.     Defendant is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

44.     Defendant is prohibited from disclaiming or modifying any implied warranty under Cal. Civ. Code §1790.

45.     Pursuant to Cal. Civ. Code §1790, Plaintiff's MODEL S was impliedly warranted to be fit for the ordinary use for which the MODEL S was intended.

46.     The MODEL S was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

47.     The above described defects in the MODEL S caused it to fail to possess even the most basic degree of fitness for ordinary use.

48.     As a result of the breaches of implied warranty by Defendant, Plaintiff have suffered and continue to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

     a.    Return of all monies paid or in the alternative applicable damages pursuant to section 2714 of the Commercial Code, and all incidental and consequential damages incurred;

     b.    All reasonable attorneys' fees, witness fees and all court costs and other costs; Such other and further relief that the Court deems just and appropriate

COMPLAINT

**PLAINTIFF HEREBY REQUEST A JURY TRIAL IN THIS MATTER.**

Dated this 14th day of March, 2017

_____
Todd M. Friedman
Attorneys for Plaintiff HOOMAN HAKIMI

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Burbank Courthouse 300 East Olive Avenue, Rm 225, Burbank, CA 91502 | **FILED** Superior Court of California County of Los Angeles **05/05/2020** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ A. Rios _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 20BBCV00306 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | John J. Kralik | B | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/05/2020
       (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By A. Rios _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Ste 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (323) 306-4234    FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Elie Laskar | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 300 East Olive
MAILING ADDRESS:
CITY AND ZIP CODE: Burbank, CA 91502
BRANCH NAME: Burbank Courthouse

CASE NAME:
Elie Laskar v. Tesla Motors, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20BBCV00306 |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):*  5
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 3, 2020
Todd M. Friedman
_____    ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Elie Laskar v. Tesla Motors, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Elie Laskar v. Tesla Motors, Inc. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Elie Laskar v. Tesla Motors, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108　Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115　Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151　Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152　Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153　Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150　Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003　Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007　Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006　Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035　Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036　Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014　Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141　Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160　Abstract of Judgment | 2, 6 |
| | | ☐ A6107　Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140　Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114　Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112　Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033　Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030　Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040　Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011　Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000　Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113　Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121　Civil Harassment | 2, 3, 9 |
| | | ☐ A6123　Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124　Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190　Election Contest | 2 |
| | | ☐ A6110　Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170　Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100　Other Civil Petition | 2, 9 |

| SHORT TITLE:<br>Elie Laskar v. Tesla Motors, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases.)

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>1811 S. San Fernando Blvd. | |
|---|---|---|
| CITY:<br>Burbank | STATE:<br>CA | ZIP CODE:<br>91502 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>North Central Judicial</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>May 3rd, 2020</u>

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

 **CT Corporation**

**Service of Process Transmittal**
06/04/2020
CT Log Number 537748231

TO: LEGAL DEPARTMENT
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

RE: **Process Served in California**

FOR: Tesla Motors, Inc. (Former Name) (Domestic State: DE)
Tesla, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ELIE LASKAR, PLTF. vs. TESLA MOTORS INC., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 20BBCV00306 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 06/04/2020 postmarked on 05/27/2020 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/05/2020, Expected Purge Date: 06/10/2020 |
| | Image SOP |
| | Email Notification, LEGAL DEPARTMENT legal@teslamotors.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Process Server on 05/13/2020 | LEGAL DEPARTMENT TESLA, INC. | 537660339 |

Page 1 of 1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



US POSTAGE & FEES PAID
7 OZ FIRST-CLASS MAIL FLATS RATE
RETAIL

062S0011446202
9714802
FROM 81367

stamps
endicia
05/27/2020

## USPS FIRST CLASS MAIL®

Todd M. Friedman
Law Offices of Todd M. Friedman
21550 Oxnard Street
Suite 780
Woodland Hills CA 91367

C007

SHIP-
TO:

Tesla Motors, Inc.
C/O CT Corporation Service Company
818 W. Seventh Street, Ste. 930
Los Angeles CA 90017-3476

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

Attorneys for Plaintiff, ELIE LASKAR

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| ELIE LASKAR, | **Case No.: 20BBCV00306** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR** |
| vs. | **BREACH OF WARRANTY** |
| TESLA MOTORS INC., | **(Amount to exceed $25,000)** |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, ELIE LASKAR by and through Plaintiff's attorney, LAW

OFFICES OF TODD M. FRIEDMAN, P.C., and for Plaintiff's Complaint against, TESLA

MOTORS INC. allege and affirmatively state as follows:

## PARTIES

1.      Plaintiff, ELIE LASKAR ("Plaintiff"), are individuals who purchased subject

vehicle in the State of California.

2.      Defendant, TESLA MOTORS INC. ("Defendant"), is a limited liability company,

authorized to do business in the State of California and is engaged in the manufacture, sale, and

distribution of motor vehicles and related equipment and services. Defendant is also in the

business of marketing, supplying and selling written warranties to the public at large through a

10. Defendant, through its authorized dealers was unable and/or failed to repair the MODEL X within a reasonable number of attempts.

11. Plaintiff justifiably lost confidence in the MODEL X's reliability and said defects have substantially impaired the value of the MODEL X to Plaintiff.

12. Said defects could have not been discovered by Plaintiff prior to Plaintiff's acceptance of the MODEL X.

13. As a result of said defects, Plaintiff revoked acceptance of the MODEL X in writing on January 23, 2020.

14. At the time of revocation, the MODEL X was in substantially the same condition as at delivery except for damage caused by its own defects and ordinary wear and tear.

15. Defendant refused Plaintiff's demand for revocation and has refused to provide Plaintiff with the remedies Plaintiff are entitled upon revocation.

16. The MODEL X remains in a defective and unmerchantible condition, and continues to exhibit the above mentioned defects that substantially impair its use, value and/or safety.

17. Plaintiff have and will continue to be financially damaged due to Defendant's failure to comply with the provisions of its express and implied warranties.

18. Prior to filing this complaint, Plaintiff attempted to submit to Defendant's informal dispute resolution program and was unsatisfied with the results therein.

## COUNT I
## BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

19. Plaintiff re-alleges and incorporates by reference as fully set forth herein, paragraphs 1-18 of this Complaint.

20. Plaintiff is the purchaser of a consumer product who received the MODEL X during the duration of a written warranty period applicable to the MODEL X and who is entitled

1    by the terms of the written warranty to enforce against Defendant the obligations of said
2    warranty.

3        21.     Defendant is a person engaged in the business of making a consumer product
4    directly available to Plaintiff.

5        22.     Seller is an authorized dealership/agent of Defendant designed to perform repairs
6    on vehicles under Defendant's automobile warranties.

7        23.     The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section, 2301 et. Seq.
8    ("Warranty Act") is applicable to Plaintiff's Complaint in that the MODEL X was manufactured,
9    sold and purchased after July 4, 1975, and costs in excess of ten dollars ($10.00).

10        24.     Plaintiff's purchase of the MODEL X was accompanied by written factory
11    warranties for any non-conformities or defects in materials or workmanship, comprising an
12    undertaking in writing in connection with the purchase of the MODEL X to repair the MODEL
13    X or take other remedial action free of charge to Plaintiff with respect to the MODEL X in the
14    event that the MODEL X failed to meet the specifications set forth in said undertaking.

15        25.     Said warranties were the basis of the bargain of the contract between the Plaintiff
16    and Defendant for the lease of the MODEL X to Plaintiff.

17        26.     Said purchase of Plaintiff's MODEL X was induced by, and Plaintiff relied upon,
18    these written warranties.

19        27.     Plaintiff have met all of Plaintiff's obligations and preconditions as provided in
20    the written warranties.

21        28.     As a direct and proximate result of Defendant's failure to comply with its express
22    written warranties, Plaintiff have suffered damages and, in compliance with 15 U.S.C. §2310(d),
23    Plaintiff are entitled to bring suit for such damages and other equitable relief.

24        WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

25

a.  Return of all monies paid or in the alternative applicable damages pursuant to section 2714 of the Commercial Code, and all incidental and consequential damages incurred;

b.  All reasonable attorneys' fees, witness fees and all court costs and other costs;

c.  Such other and further relief that the Court deems just and appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

29.  Plaintiff re-allege and incorporates by reference as through fully set forth herein, paragraphs 1-18 of this complaint.

30.  The MODEL X purchased by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. §2301(7) running from the Defendant to the intended consumer, Plaintiff herein.

31.  Defendant is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

32.  Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Defendant has entered into a contract in writing within ninety (90) days of purchase to perform services relating to the maintenance or repair of a motor vehicle.

33.  Pursuant to 15 U.S.C. §2308, Plaintiff's MODEL X was impliedly warranted to be substantially free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary purpose for which the MODEL X was intended.

34.  The MODEL X was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

35.  The above described defects in the MODEL X render the MODEL X unfit for the ordinary and essential purpose for which the MODEL X was intended.

36.    As a result of the breaches of implied warranty by Defendant, Plaintiff have

suffered and continue to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Return of all monies paid or in the alternative applicable damages pursuant to section
   2714 of the Commercial Code, and all incidental and consequential damages
   incurred;
b. All reasonable attorneys' fees, witness fees and all court costs and other costs;
c. Such other and further relief that the Court deems just and appropriate.

## COUNT III
## SONG –BEVERLY CONSUMER WARRANTY ACT

37.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein,

paragraphs 1-18 of this Complaint.

38.    Pursuant to Cal Civ. Code. §1793.2, Plaintiff has presented the MODEL X to

Seller and/or other authorized service dealers of Defendant within the term of protection and has

tendered the subject vehicle four (for the above-mentioned defects that substantially affect the

use, value and safety of the MODEL X.

39     Defendant, through Seller and/or other authorized dealerships, have been

unable to repair said defects in a reasonable number of attempts.

40.    Pursuant to Cal Civ. Code. §1793.2, Plaintiff is entitled to a refund of the full

purchase price of the vehicle, including all collateral charges and finance charges, and/or a

replacement vehicle, plus all attorney fees and costs.

41.    Defendant has willfully violated the provisions of this act by knowing of its

obligations to refund or replace Plaintiff's vehicle, but failing to fulfill them.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.    Return of the MODEL X's purchase price and all incidental and
      consequential damages incurred by Plaintiff;
b.    Return of all finance charges incurred by Plaintiff for the MODEL X;
c.    All reasonable attorneys' fees, witness fees, court costs and other fees
      incurred by Plaintiff;

FIRST AMENDED COMPLAINT

**PLAINTIFF HEREBY REQUEST A JURY TRIAL IN THIS MATTER.**

Dated this 13th day of May, 2020

Todd M. Friedman
Attorneys for Plaintiff HOOMAN HAKIMI

FIRST AMENDED COMPLAINT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA MOTORS, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIE LASKAR,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Burbank Courthouse

300 East Olive
Burbank, CA 91502

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Ste 780, Woodland Hills, CA 91367, 323-306-4234

DATE:                              Clerk, by                                         , Deputy
*(Fecha)*                          *(Secretaria)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com