UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5278 PA (MAAx) | Date | June 24, 2020 |
|---|---|---|---|
| Title | Elie Laskar v. Tesla Motors, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

On June 15, 2020, the Court issued an order providing plaintiff Elie Laskar ("Plaintiff") with an opportunity to voluntarily dismiss the federal claims in the complaint: (1) breach of written warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; and (2) breach of implied warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301.  (Dkt. 7.)  The Court stated, "[s]hould Plaintiff file a Notice of Dismissal by no later than June 22, 2020, in which Plaintiff dismisses the federal claims, the Court would decline to exercise supplemental jurisdiction over the remaining state law claim and exercise its discretion to remand the remaining claim back to the Los Angeles Superior Court."  (Id.)

On June 22, 2020, Plaintiff filed a "Request for Dismissal of Counts I and II of Plaintiff's First Amended Complaint."  (Dkt. 10.)  The Request states, "Plaintiff hereby requests this Honorable Court dismiss Counts I and II related to breaches of the Magnuson-Moss Warranty Act in this matter without prejudice from Plaintiff's First Amended Complaint, and to proceed only with remaining Counts."  (Id.)  The Court deems Plaintiff's Request to be a Notice of Dismissal filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Accordingly, Plaintiff's Magnuson-Moss Warranty Act claims are dismissed without prejudice.

Having dismissed all of the federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1793.2.  See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted).  The Court further exercises its discretion to remand the action.  See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court hereby remands this action to Los Angeles County Superior Court, Case No. 20BBCV00306.

IT IS SO ORDERED.